JUDGE CASTEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CV 3356**

----------------------------------------------------------------

GARY BECKMAN,                                    **DOCKET NUMBER**:

                Plaintiff,                           :

                               :        **NOTICE OF REMOVAL**

      -against-                                    :

SIEMENS BUILDING TECHNOLOGIES, INC.,             :

              Defendant.                          :

                               :

----------------------------------------------------------------- X

RECEIVED
APR 27 2007
U.S.D.C. S.D. N.Y.
CASHIERS

      PLEASE TAKE NOTICE that defendant SIEMENS BUILDING TECHNOLOGIES

INC. (hereinafter "SBT"), by and through its attorneys, LITTLETON JOYCE UGHETTA &

PARK LLP, hereby petitions the United States District Court for the Southern District of New

York for removal of this case pursuant to 28 U.S.C. §§ 1441 and 1446.

      Defendant SBT by and through its undersigned counsel, states the following upon

information and belief:

      1.     This case is presently pending in New York Supreme Court, Bronx County, under

Index No. 13397/07. The territory assigned to the United States District Court for the Southern

District of New York under 28 U.S.C. Section 112 embraces Bronx County.

      2.     The Summons and Complaint was served upon the Secretary of State on behalf of

Siemens Building Technologies, Inc. on April 9, 2007. A copy of the Summons and Complaint

is attached as **Exhibit "A"**.

      3.     The 30-day period within which defendant may petition this Court for removal

under 28 U.S.C. 1446(b) has not yet expired.

4.     This petition for removal is being made within one year of the commencement of this action.

5.     According to the Complaint, plaintiff Gary Beckman is an individual, who is a citizen of the State of New Jersey.

6.     SBT is and at all relevant times has been a corporation incorporated under the laws of Delaware with its principal place of business in Deerfield, Illinois.

8.     Plaintiffs' Complaint alleges causes of action in negligence and violation of New York State's Labor Law §§ 200, 240 and 241(6) causing plaintiff Gary Beckman to certain injuries.

9.     Plaintiff's Complaint is silent concerning the injury he sustained in the accident. Petitioner has learned that plaintiff sustained a knee injury with a torn meniscus in both knees and required surgery in one knee.

10.     Plaintiff's Complaint is silent concerning the amount of damages he is seeking. However, the undersigned has performed jury verdict research for plaintiff's alleged injury and the verdicts are much greater than $75,000.  A copy of the jury verdict research is attached as **Exhibit B**.

11.     SBT has not previously sought to remove this action.

WHEREFORE, defendant, SBT respectfully requests that this case be removed to this honorable court.

Dated: New York, New York
          April 26, 2007

Respectfully submitted,

LITTLETON JOYCE UGHETTA & PARK LLP

By:_____
Bruce Ainbinder (Bar Code No. BA-8580)
LITTLETON JOYCE UGHETTA & PARK LLP
Attorneys for defendants SIEMENS BUILDING
TECHNOLOGIES, INC.
39 Broadway, 34th Floor
New York, New York 10006
Tel. (212)404-5777

TO:

Cyril Baines, Esq.
Perecman & Fanning , P.L.L.C.
250 West 57th Street, Suite 401
New York, New York 10107
Tel. (212) 977-7033

Chief Clerk
Supreme, Surrogate's and Civil Court
Supreme Court of New York, Bronx County
851 Grand Concourse
Bronx, New York 10451
Tel. (212) 791-6000

# EXHIBIT A

State of New York - Department of State
Division of Corporations

Party Served:                          Plaintiff/Petitioner:
 SIEMENS BUILDING TECHNOLOGIES, INC.       BECKMAN, GARY


SIEMENS CORPORATION
170 WOOD AVE SOUTH              APR 1 7 2007
ISELIN,  NJ 08830


Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 04/09/2007 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
 This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


                                        Very truly yours,
                                   Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------X
GARY BECKMAN,

                              Plaintiff,

                  -against-

SIEMENS BUILDING TECHNOLOGIES, INC.,

                              Defendant.
------------------------------------------------------------X

Index No.: *13397/07*

Date Filed: *3/28/07*

### *SUMMONS*

*Plaintiff designates Bronx County as the basis of venue.*

*The basis of venue is place of occurrence.*

*Plaintiff resides at:*
*11 Tremblay Road*
*East Brunswick, NJ 08816*

**TO THE ABOVE NAMED DEFENDANT:**

          **YOU ARE HEREBY SUMMONED** to appear in this action by serving a notice of appearance on plaintiff's attorneys within 20 days after service of this summons, exclusive of the day of service or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

          The basis of the venue designated is place of occurrence.

Dated: New York, New York
          March 23, 2007

                              Yours, etc.,

                              By: Cyril Baines, Esq.
                              **PERECMAN & FANNING, PLLC.**
                              Attorneys for Plaintiff
                              **GARY BECKMAN**
                              250 West 57th Street, Suite 401
                              New York, New York 10107
                              (212) 977-7033
                              Our File No. H8371

**DEFENDANTS' ADDRESSES:**

SIEMENS BUILDING TECHNOLOGIES, INC.
1000 Deerfield Parkway
Buffalo Grove, Illinois 60089

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
GARY BECKMAN,

                       Plaintiff,

             -against-

SIEMENS BUILDING TECHNOLOGIES, INC.

                     Defendant.
------------------------------------------------------------------X

Index No.: **13397/07**

**VERIFIED COMPLAINT**

      Plaintiff, by his attorneys, **PERECMAN & FANNING, PLLC.**, complaining of the

Defendant, respectfully alleges, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF GARY BECKMAN AGAINST DEFENDANT SIEMENS BUILDING TECHNOLOGIES, INC.

    1.     That at all times herein mentioned, Plaintiff, **GARY BECKMAN** was

and still is a resident of the State of New Jersey.

    2.     That at all times hereinafter mentioned, and upon information and belief,

Defendant **SIEMENS BUILDING TECHNOLOGIES, INC., INC.** was and still is a foreign

corporation duly organized and existing under and by virtue of the laws of the State of Delaware.

    3.     That at all times hereinafter mentioned, and upon information and belief,

Defendant **SIEMENS BUILDING TECHNOLOGIES, INC., INC.** was and still is a foreign

corporation duly organized to conduct business within the State of New York.

    4.     That at times hereinafter mentioned, Defendant, **SIEMENS BUILDING**

**TECHNOLOGIES, INC., INC.,** maintained a principal place of business at 1000 Deerfield

Parkway, Buffalo Grove, Illinois.

    5.     That at all times hereinafter mentioned, and on, or prior to October 13, 2004,

Defendant, **SIEMENS BUILDING TECHNOLOGIES, INC.,** its agents, servants and/or

employees, were hired and/or retained as a general contractor to provide certain work, labor,

services **or** material with respect to certain work, repairs, construction **or** renovations to be

conducted at a building and structure commonly known as 1000 Pelham Parkway, Bronx, New

York.

6.      That at all times hereinafter mentioned, and on, or prior to October 13, 2004, Defendant, **SIEMENS BUILDING TECHNOLOGIES, INC.**, its agents, servants and/or employees were hired and/or retained as a contractor to provide certain work, labor, services **or** material with respect to certain work, repairs, construction **or** renovations to be conducted at a building and structure commonly known as 1000 Pelham Parkway, Bronx, New York.

7.      That at all times hereinafter mentioned, and on, or prior to October 13, 2004, Defendant, **SIEMENS BUILDING TECHNOLOGIES, INC.**, its agents, servants and/or employees were hired and/or retained as a construction manager to provide certain work, labor, services **or** material with respect to certain work, repairs, construction **or** renovations to be conducted at a building and structure commonly known as 1000 Pelham Parkway, Bronx, New York.

8.      That at all times hereinafter mentioned, and on, or prior to October 13, 2004, Defendant, **SIEMENS BUILDING TECHNOLOGIES, INC.**, its agents, servants and/or employees were hired to provide certain work, labor, services **or** material with respect to certain work, repairs, construction **or** renovations to be conducted at a building and structure commonly known as 1000 Pelham Parkway, Bronx, New York.

9.      That at all times hereinafter mentioned, and on, or prior to October 13, 2004, Defendant, **SIEMENS BUILDING TECHNOLOGIES, INC.**, its agents, servants and/or employees, were engaged in performing construction work, labor, services **or** material at a building and structure commonly known as 1000 Pelham Parkway, Bronx, New York.

10.      That on October 13, 2004, the Plaintiff, **GARY BECKMAN**, was an employee of **Bigman Bros. Inc.**

11.      That at all times hereinafter mentioned, and on, or prior to October 13, 2004, **Bigman Bros. Inc.**, its agents, servants and/or employees, were hired and/or retained as a contractor to provide certain work, labor, services **or** material with respect to certain work, repairs, construction **or** renovations to be conducted at a building and structure commonly

known as 1000 Pelham Parkway, Bronx, New York.

12.    That at all times hereinafter mentioned, and on, or prior to, October 13, 2004, Defendant, **SIEMENS BUILDING TECHNOLOGIES, INC.,** its agents, servants and/or employees, hired and/or retained, **Bigman Bros. Inc.** as a contractor to provide construction work, labor, services **or** material at a building and structure commonly known as 1000 Pelham Parkway, Bronx, New York.

13.    That on October 13, 2004, the Plaintiff, **GARY BECKMAN** was lawfully employed to perform work at the aforesaid premises as an employee of **Bigman Bros. Inc..**

14.    That on October 13, 2004, while Plaintiff, **GARY BECKMAN** was lawfully and carefully working upon said premises, he was caused to be injured by reason of the violations of the law and/or negligence of the Defendant, its agents, servants and/or employees in the ownership, operation, direction, supervision, possession, control, construction, rehabilitation and/or alteration of said premises and Plaintiff sustained the injuries hereinafter alleged.

15.    That the Defendant, its agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions existing upon the premises.

16.    That the accident, and the injuries resulting therefrom, were caused solely and wholly by reason of the negligence of Defendant, its agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the Plaintiff contributing thereto.

17.    That this action falls within one or more of the exemptions set forth in CPLR §1602.

18.    That by reason of the foregoing, the Plaintiff has been rendered sick, sore, lame, maimed and disabled, and so remains. That he has been unable to attend to his usual vocation and activities and that he has been obliged to expend, and will in the future expend, sums of money for medical aid and attention, and that by reason of the foregoing Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which might otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF GARY BECKMAN AGAINST DEFENDANT
## SIEMENS BUILDING TECHNOLOGIES, INC.

19.    Plaintiff **GARY BECKMAN** repeats, reiterates and re-alleges each and every allegation contained in the First Cause of Action, with the same force and effect as though same were more fully set forth length herein.

20.    That on October 13, 2004, there existed, in full force and effect, within the State of New York, Section 200 of the Labor Law of the State of New York.

21.    That the Defendants violated Section 200 of the Labor Law of the State of New York.

22.    That by reason of the foregoing, the Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which might otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF GARY BECKMAN AGAINST DEFENDANT
## SIEMENS BUILDING TECHNOLOGIES, INC.

23.    Plaintiff **GARY BECKMAN** repeats, reiterates and re-alleges each and every allegation contained in the First and Second Causes of Action, with the same force and effect as though same were more fully set forth length herein.

24.    That on October 13, 2004, there existed, in full force and effect, within the State of New York, Section 241(6) of the Labor Law of the State of New York.

25.    That the Defendants violated Section 241(6) of the Labor Law of the State of New York.

26.    That by reason of the foregoing, the Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which might otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF GARY BECKMAN AGAINST DEFENDANT
## SIEMENS BUILDING TECHNOLOGIES, INC.

27.    Plaintiff **GARY BECKMAN** repeats, reiterates and re-alleges each and every

allegation contained in the First, Second and Third Causes of Action, with the same force and effect as though same were more fully set forth length herein.

28.    That on October 13, 2004, there existed, in full force and effect, within the State of New York, Section 240 of the Labor Law of the State of New York.

29.    That the Defendants violated Section 240 of the Labor Law of the State of New York.

30.    That by reason of the foregoing, the Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which might otherwise have jurisdiction.

**WHEREFORE,** Plaintiff **GARY BECKMAN** demands judgment against the Defendants in an amount which exceeds the jurisdictional limits of all lower courts which might otherwise have jurisdiction on the First Cause of Action, Second Cause of Action; Third Cause of Action and Fourth Cause of Action, together with costs and disbursements of this action.

Dated: New York, New York
   March 23, 2007

        Yours, etc.,

        By: Cyril Barnes, Esq.
        **PERECMAN & FANNING, P.L.L.C.**
        Attorney for Plaintiff
        **GARY BECKMAN**
        250 West 57th Street, Suite 401
        New York, New York  10107
        (212) 977-7033
        **Our File No.: H8371**

**ATTORNEY'S VERIFICATION**

STATE OF NEW YORK    )
                       ) ss.:
COUNTY OF NEW YORK  )

       The undersigned, an attorney admitted to practice law in the Courts of New York State, affirms under penalty of perjury that I am one of the attorneys for the plaintiff in the within action; I have read the foregoing **Verified Complaint** and know the contents thereof; the same is true to my own knowledge, except as to the matters I believe to be true.  The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigation conducted by my office.

Dated: New York, New York
      March 23, 2007

                               CYRIL BAINES

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX          Index No.:

GARY BECKMAN,

         Plaintiff,

  -against-

SIEMENS BUILDING TECHNOLOGIES, INC.,

         Defendant.

------------------------------------------------------------X

---

### SUMMONS and VERIFIED COMPLAINT

**PERECMAN & FANNING, PLLC**
**Attorneys for Plaintiff**
**Gary Beckman**
**250 West 57th Street - Suite 401**
**New York, New York  10107**
**(212) 977-7033   FAX (212) 977 7035**

---

To:                                        Service of a copy of the within is hereby admitted.

---

### CERTIFICATION BY ATTORNEY

STATE OF NEW YORK   )
                   ) ss.:
COUNTY OF NEW YORK )

I, the undersigned, an attorney duly admitted to practice in the Courts of the State of New York, certify that, upon information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the attached **SUMMONS and VERIFIED COMPLAINT** and the contentions contained therein are not frivolous, as that term is defined in Section 130.1.1(c) of the rules of the Chief Administrator.

Dated:  New York, New York
       March 23, 2007

                              CYRIL BAINES, ESQ.

---

PLEASE TAKE NOTICE:

_____ Notice of Entry

_____ Notice of Settlement

                        Yours, etc.,

                        **PERECMAN & FANNING, PLLC**

# EXHIBIT B

*Mealey's Litigation Report: Jury Verdicts & Settlements ()*

Copyright LexisNexis, Division of Reed Elsevier Inc.
Mealey's Litigation Report: Jury Verdicts & Settlements

2006 Mealey's Jury Verdicts & Settlement 1188

**HEADLINE:**   Construction Worker Who Fell From Ladder Settles New York Labor Case For $1.5 Million

**Case Name:**   Christopher Aponte v. GTO Holding LLC, et al.

**Case Number:**   42959/02

**Court:**   N.Y. Sup., Kings Co.

**Judge:**   Diana Johnson

**Verdict/Settlement (breakdown):**   $1.5 million settlement ($1 million in cash and annuity of $500,000)

**Plaintiff(s):**   Christopher Aponte

**Defendant(s):**   GTO Holding LLC and L&C Contracting

**Date:**   Sept. 15, 2006

**Claim:**   Violation of Labor Law 240

**Defense:**   The plaintiff's negligence was the sole cause of accident.

**Background:**   Sources told Mealey Publications that Christopher Aponte was a laborer for approximately two weeks at a construction site on Fifth Avenue in Brooklyn, N.Y., owned by GTO Holding and managed by L&C Contracting. On May 18, 2002, Aponte was with his supervisor installing sheet rock on the upper portions of the walls in a two-story loft apartment, according to sources. Sources said he was allegedly instructed by his supervisor to mount an A-frame ladder on top of a Baker's scaffold. Sources said he leaned the ladder against the wall and climbed it and was installing sheet rock on the wall while his supervisor was on the ground cutting the sheet rock. Sources said that while Aponte was installing the sheet rock with a screw gun, the ladder and scaffold allegedly toppled over, throwing him to the ground. His alleged injuries included a pilon fracture of his left ankle, which required external fixation, open reduction with internal fixation, bone grafting and a need for an ankle fusion in the future, according to sources. Aponte alleges that he had to undergo extensive physical therapy and have some of the screws removed, as well as sustained traumatic arthritis of the ankle, according to sources. Sources said he also had a **torn meniscus** of the left knee. Aponte also had arthoscopic surgery on his knee and ankle, according to sources. Aponte, who was a nonunion employee, alleges that he was unable to return to work as a carpenter, sources said. Aponte sued GTO and L&C in October 2002 in the King County, N.Y., Supreme Court.

**Plaintiff Experts:**   Steven Sheskier, M.D., the treating orthopedist, from New York, expected to be called.

**Defense Experts:**   David Stein, Ph.D., a vocational rehabilitation specialist, from Springfield, N.J., and Joel Teicher, an orthopedist, from Brooklyn, expected to be called.

**Other:**   GTO filed a third-party complaint against M.R. Precision, who was Aponte's employer, for a contractual indemnification between the owner and employer. Sources said the scaffold and the ladders were owned by the employer. This third-party case was discontinued before the settlement, according to sources.

**Plaintiff Attorneys:**   Edward D. Tantleff, Tantleff, Cohen and Tantleff, Brooklyn

**Defense Attorneys:**   Lisa Black, Traub, Eglin, Lieberman, Straus, Hawthorne, N.Y.

**Key Related Documents:**   Bill of particulars available. Document #99-061030-101X. Supplemental bill of particulars available. Document #99-061030-102X.

Contact Mealey's at 1-800-MEALEYS and see today's headlines at www.lexis.com/legalnews. To see if there is a Mealey's conference on this topic or an online CLE session, please visit: http://www.mealeys.com/conferences.html.

**LOAD-DATE:** 11/1/2006

Source: Public Records > Public Records > Jury Verdicts & Experts > **Jury Verdicts and Settlements, Combined** ⓘ
Terms: **"torn meniscus"** (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Friday, April 20, 2007 - 4:39 PM EDT

 LexisNexis®

About LexisNexis  | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

*Mealey's Litigation Report: Jury Verdicts & Settlements (2006)*

Copyright 2006 LexisNexis, Division of Reed Elsevier Inc.
Mealey's Litigation Report: Jury Verdicts & Settlements

2006 Mealey's Jury Verdicts & Settlements 2002

**HEADLINE:**   Woman Injured In Accident With Landscaping Trailer In New York Settles For $300,000

**Case Name:**   Polly Hanson Greenberg, et al., v. Jose A. Chavez, et al.

**Case Number:**   2: 05-cv-01680-LDW-ETB

**Court:**   E.D. N.Y.

**Judge:**   Leonard D. Wexler

**Verdict/Settlement (breakdown):**   $300,000 settlement

**Plaintiff(s):**   Polly Hanson Greenberg and Bernard Greenberg

**Defendant(s):**   Jose A. Chavez, Alcides E. Cruz and Tony's Lawn Service & Construction Inc.

**Date:**   Dec. 18, 2006

**Claim:**   Auto negligence, personal injury and violation of New York State Vehicle and Traffic Law Section 509.2 for not possessing a valid class of license to operate the truck and trailer and Sections 375 and 376 for failure to display proper tail lights and adequate reflectors

**Injury:**   Left **knee injury** and right ankle injury

**Defense:**   Allegations denied.

**Background:**   On Nov. 11, 2004, while Polly Greenberg was operating a motor vehicle owned by her husband, Bernard, northbound on New York State Route 106 in Muttontown, N.Y., she was allegedly injured in a collision with a truck and landscaping trailer operated by Alcides Cruz and owned by Jose Chavez. Greenberg alleges that Cruz backed the unlit truck and attached landscaping trailer, which had no lights and reflectors, out of a private driveway and into the middle of the highway in the dark. Cruz was acting within the scope of his employment by Tony's Lawn Service & Construction. Greenberg allegedly sustained injuries to her left knee and right ankle, which might require future surgeries, including hardware removal to the ankle and knee replacement.Greenberg and her husband, Bernard, sued Chavez and Cruz on April 1, 2005, in the U.S. District Court for the Eastern District of New York. An amended complaint, filed Dec. 12, 2005, included Tony's Lawn Service as a defendant.

**Plaintiff Experts:**   Dr. Thomas Mango, M.D., an orthopedic surgeon from Patchogue, N.Y.; Dr. Rajen Naidoo, Ph.D., occupational medicine, of Michigan; and Dr. Richard Rogachefsky, an orthopedic surgeon from Miami, were named as experts.

**Defense Experts:**   Dr. Maria A. DeJesus, M.D., a neurologist, from New York; and Dr. Arthur Bernhang, M.D., an orthopedic surgeon, from Huntington, N.Y., were named as experts.

**Plaintiff Attorneys:**   Mark T. Freeley, Daniel P. Buttafuoco & Associates, Woodbury, N.Y.

**Defense Attorneys:**   Gail J. Monaco, Desena & Sweeney, Hauppauge, N.Y.

**Key Related Documents:**   Complaint available. Document #99-070129-135C.
Answer and counterclaims available. Document #99-070129-136M.
Answer to counterclaims available. Document #99-070129-137M.
Amended complaint available. Document #99-070129-138C.
Defendants' supplemental and amended response to interrogatories available. Document
#99-070129-139X.
Letter about defense experts available. Document #99-070129-140X.
Letter about plaintiff experts available. Document #99-070129-141X.
Settlement letter available. Document #99-070129-142P.
Order of discontinuance available. Document #99-070129-143R.


Contact Mealey's at 1-800-MEALEYS and see today's headlines at www.lexis.com/legalnews.
To see if there is a Mealey's conference on this topic or an online CLE session, please visit:
http://www.mealeys.com/conferences.html.

**LOAD-DATE:** 2/2/2007


Source: Public Records > Public Records > Jury Verdicts & Experts > **Jury Verdicts and Settlements, Combined** i
Terms: **"knee injury"** (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Friday, April 20, 2007 - 5:03 PM EDT


 About LexisNexis  | Terms & Conditions
LexisNexis® Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights
reserved.

*Mealey's Litigation Report: Jury Verdicts & Settlements (2006)*

Copyright 2006 LexisNexis, Division of Reed Elsevier Inc.
Mealey's Litigation Report: Jury Verdicts & Settlements

2006 Mealey's Jury Verdicts & Settlements 2598

**HEADLINE:**  New York Jury Awards $511,000 For Nurse's **Knee Injury** In Slip And Fall

**Case Name:**  Tracy Yearwood v. City of New York, et al.

**Case Number:**  03/47331

**Court:**  N.Y. Sup., Kings Co.

**Judge:**  Leon A. Ruchelsman

**Verdict/Settlement (breakdown):**  $511,125 plaintiff verdict ($200,000 for past pain and suffering; $300,000 for future pain and suffering; $11,125 for medical costs)

**Plaintiff(s):**  Tracy Yearwood

**Defendant(s):**  New York City and New York City Health and Hospitals Corp.

**Date:**  Dec. 12, 2006

**Claim:**  Negligence

**Injury:**  Complete tear of the anterior cruciate ligament in the left knee and bucket-handle tear of the medial meniscus of her left knee

**Defense:**  There was a report of a sink stoppage but no notice that it was leaking.

**Background:**  Tracy Yearwood, a nurse at Harlem Hospital Center, alleged that she slipped on water and injured her left knee when she entered a patient's room on the 13th floor about 2 a.m. July 28, 2003. Yearwood, who worked the midnight-to-8 a.m. shift, had noticed water on the floor earlier in her shift and put down towels and sheets to try to soak it up, sources told Mealey Publications. When she re-entered the room, the water had spread, and she slipped, sources said. Yearwood, then 29, alleged that a number of people had complained to nursing supervisors on the floor about the leaky sink that caused the water problem, sources said. There was a July 22, 2003, work order for a sink stoppage, a source said. Yearwood sued New York City and the New York City Health and Hospitals Corp. on June 14, 2004, in the Kings County Supreme Court, alleging that their negligence created a dangerous condition. Yearwood alleged that she sustained a complete tear of the anterior cruciate ligament in her left knee and a bucket-handle tear of the medial meniscus of her left knee. She required surgery on Aug. 13, 2003, for a left anterior cruciate ligament reconstruction and subtotal medial meniscectomy. She was out of work for about six months, sources said.

**Plaintiff Experts:**  Eli Bryk, orthopedic surgeon, Brooklyn, N.Y., testified that Yearwood would have arthritis in the future in her knee and that despite the complete ACL reconstruction, she would have some instability in that knee, sources said.

**Defense Experts:**  Alan Miller, orthopedic surgeon, Astoria, N.Y., testified that the surgery was successful, sources said.

**Other:**  After about an hour of deliberation, the jury found in favor of Yearwood.

**Plaintiff Attorneys:**   Adam M. Orlow, Orlow, Orlow, Orlow & Orlow, Flushing, N.Y.

**Defense Attorneys:**   Michael A. Cardozo, corporation counsel, Brooklyn

**Key Related Documents:**   Verified bill of particulars available. Document #99-070409-126C.


Contact Mealey's at 1-800-MEALEYS and see today's headlines at www.lexis.com/legalnews. To see if there is a Mealey's conference on this topic or an online CLE session, please visit: http://www.mealeys.com/conferences.html.

**LOAD-DATE:** 4/20/2007


Source: Public Records > Public Records > Jury Verdicts & Experts > **Jury Verdicts and Settlements, Combined** [i]
Terms: **"knee injury"** (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Friday, April 20, 2007 - 5:04 PM EDT



About LexisNexis  | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

© 1997 Jury Verdict Review Publications, Inc.,Pennsylvania Jury Verdict Review & Analysis

Copyright 1997 Jury Verdict Review Publications, Inc.
Pennsylvania Jury Verdict Review & Analysis

Baugh vs. Budd Company

Case No. 92-9008658

**Verdict Date:** Verdict Date: January 21, 1997;

**Publication Date:** Publication Date: July, 1997

**Topic:** SLIP AND FALL ON GREASE OR OIL ON STAIRS - **KNEE INJURY** - TWO SURGERIES PERFORMED - PERMANENT KNEE SCARRING - PAIN AND LIMITATION TO SECURITY GUARD

**Result:** $ 185,000 verdict

**Title:** Premises Liability; Fall Down

**State:** Pennsylvania

**County:** Philadelphia County

**Judge:** Judge Anne E. Lazarus

**Plaintiff Attorney:** David Alexander and Louis T. Silverman of Herbert Monheit, P.C. in Philadelphia

**Defendant Attorney:** David F. White of Kelly, McLaughlin & Foster in Philadelphia

**Facts:** The plaintiff security guard alleged that he slipped and fell in grease or oil while walking down the stairs in the defendant Budd Company's factory. The male plaintiff, age 25 at the time of the fall, claimed to have sustained a **knee injury** in the accident which required two surgeries and left him with a permanent disability. The defendant argued that the plaintiff was comparatively negligent in causing the fall and disputed the extent of his **knee injury** and the necessity for surgery. The plaintiff testified that he was working for an independent company which provided security for the defendant's Philadelphia factory. The plaintiff testified that on February 17, 1991, he was walking down the defendant's stairs when he slipped on grease or oil and fell. The plaintiff introduced two incident reports of prior falls in the defendant's factory and the deposition testimony of the defendant's employees and of the plaintiff's supervisor. The plaintiff argued that the defendant had knowledge that one of the machines in the factory was leaking oil or grease prior to the plaintiff's fall. The plaintiff's orthopedic surgeon reported that the plaintiff sustained an injury of the right knee in the fall, including a possible meniscus tear. Arthroscopic surgery was performed in April of 1991 and a second, open procedure was performed in May of 1992, according to evidence offered. The plaintiff has been left with a seven inch permanent scar of the right knee as well as continued pain and limitation of motion, according to the plaintiff's claims. The defendant argued that the plaintiff was familiar with the factory and was comparatively negligent in not being more careful on the stairs. The defendant's orthopedic surgeon opined that the surgery undergone by the plaintiff was not necessary. The case was tried as a bench trial with a verdict for the plaintiff in the amount of $ 185,000. There was a workers compensation lien of approximately $ 70,000 applicable. The parties agreed to a high/low of $ 200,000/$ 20,000 prior to trial. The trial judge was not aware of the parameters of the high/low agreement.

**Plaintiff Experts:** Plaintiff's orthopedic surgeon: Pekka Mooar from Philadelphia

**Issue:** Published in Volume 15, Issue 8

Source: <u>Public Records</u> > <u>Public Records</u> > <u>Jury Verdicts & Experts</u> >  $ **Jury Verdicts and Settlements, Combined** 
Terms: **knee injury**  (<u>Edit Search</u> | <u>Suggest Terms for My Search</u>)
View: Full
Date/Time: Thursday, April 26, 2007 - 3:02 PM EDT

LexisNexis®   <u>About LexisNexis</u>  |  <u>Terms & Conditions</u>
<u>Copyright ©</u>  2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Copyright 2003 Florida Legal Periodicals, Inc.
FLORIDA JURY VERDICT REPORTER (FJVR)

CARLOS E. BOLANOS vs. MARCO BARBOSA

Docket No.: 95-16439 CA 09; FJVR Reference No. 03:08-32

Verdict Date: March 6, 2003; Publication Date: August 2003

**TOPIC:** Motor Vehicle Accident - Running Red Light

**RESULT:** $ 95,000 for Plaintiff. (verdict)

($ 20,000 - past medical expenses; $ 20,000 - future medical expenses; $ 20,000 - past lost wages; $ 5,000 - future lost wages; $ 15,000 - past pain and suffering; $ 15,000 - future pain and suffering).

**STATE:** Florida

**COUNTY:** Miami-Dade

**JUDGE:** Marc Schumacher

**PLAINTIFF PROFILE:** Age: 21
Sex: Male
Occupation: Department Store Salesperson

**PLAINTIFF ATTORNEY:** Michael Libman, Miami

**DEFENDANT ATTORNEY:** George T. Green of Barnett & Barnard, Hollywood

CAUSE OF INJURY: On March 10, 1995, Plaintiff alleged that Defendant ran a red light when turning left against traffic at S.R. 7 and S.R. 852. Defendant alleged that Plaintiff ran the light.

NATURE OF INJURY: **Torn meniscus.** Defendant alleged that Plaintiff did not have a **torn meniscus.** Dr. Hyde stated that bumping a knee would not cause a **torn meniscus.**

**PLAINTIFF EXPERT WITNESSES:** Patrick Barry, M.D., Orthopedic Surgery, Miami
Arnaldo Lopez, M.D., Orthopedic Surgery, Miami

**DEFENDANT EXPERT WITNESSES:** Stephen Brown, M.D., Radiology, Dania
David Kalbac, M.D., Orthopedic Surgery, Miami
Alvin Hyde, Ph.D., Biomechanical Engineer, Key Biscayne

EDITOR'S NOTE: The jury found that Plaintiff sustained a permanent injury within a reasonable medical probability as a result of this accident. Defendant's Motion for New Trial/Remittitur is pending.

Source:  Public Records > Public Records > Jury Verdicts & Experts >  $ Jury Verdicts and Settlements, Combined ⓘ
Terms:  torn meniscus  (Edit Search | Suggest Terms for My Search)
View:  Full
Date/Time:  Thursday, April 26, 2007 - 3:29 PM EDT



About LexisNexis | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

*Copyright 2003 Jury Verdicts Northwest Inc.*

Copyright 2003 Jury Verdicts Northwest Inc.
Oregon Litigation and Arbitration Reports

HAROLD DAVID JOHNSON V. T. A. OPERATING CORPORATION D/B/A TRAVEL CENTERS OF
AMERICA

**Case No.** 0108-08119

Jury Trial Date: November 14, 2002

**Date of Publication:** January, 2003

**TOPIC:** PREMISES LIABILITY; FRACTURED KNEECAP; **KNEE INJURY.**

**RESULT:** PLAINTIFF VERDICT for $ 469,086 Less Contributory Negligence 10% = $ 422,177
net. (No new trial presently pending.).

**INJURY:** Severe **knee injury** to right knee including a torn anterior cruciate ligament and
torn meniscus with chondromalacia. Plff had kneecap fracture from the knee surgery. Plff will
need a total knee replacement.

**SPECIALS:** Med. $ 58,391; Days Work Lost - 99 weeks; Days in Hosp. - 5 days.

**STATE:** Oregon

**COUNTY:** Multnomah

TRIAL JUDGE: Hon. Jerome LaBarre

**PLAINTIFF ATTORNEY(S):** Anthony Furniss of Furniss, Shearer & Leineweber (Portland).

**DEFENDANT ATTORNEY(S):** Pat Gilroy (Portland).

**SUMMARY:** 8/17/99 - Plff, male age 29, truck driver. Plff contended he slipped in diesel oil
at Def.'s truck stop.

**PLAINTIFF MEDICAL EXPERT(S):** John T. Duddy MD (Orthopedist) Anchorage AK.

**PLAINTIFF EXPERT(S):** Tom Fries (Accident Reconstructionist) Portland.

**DEFENDANT MEDICAL EXPERT(S):** Paul Bald MD (Orthopedist) Vancouver WA.

**INSURANCE:** United National of Pennsylvania

**OFFER:** $ 30,000. Def. asked jury for defense verdict.

**DEMAND:** $ 350,000. Plff asked jury for $ 469,086.

**TRIAL-TIME:** 3-day trial

Source:  Public Records > Public Records > Jury Verdicts & Experts >  $ **Jury Verdicts and Settlements,
Combined** [i]

Terms: **knee injury** (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Thursday, April 26, 2007 - 3:27 PM EDT

 LexisNexis®

About LexisNexis  | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

*Mealey's Litigation Report: Jury Verdicts & Settlements (2007)*

Copyright 2007 LexisNexis, Division of Reed Elsevier Inc.
Mealey's Litigation Report: Jury Verdicts & Settlements

2007 Mealey's Jury Verdicts & Settlements 692

**HEADLINE:**  Woman Injured From Falls At Festival In California Agrees To Settle For $480,000

**Case Name:**  Susan Ellison v. Caruso Affiliated Holdings LLC, et al.

**Case Number:**  BC342693

**Court:**  Calif. Super., Los Angeles Co.

**Judge:**  Ralph W. Dau

**Verdict/Settlement (breakdown):**  $480,000 settlement ($200,000 paid by Tri-R and $280,000 paid by Caruso Affiliated Holdings)

**Plaintiff(s):**  Susan Ellison

**Defendant(s):**  Caruso Affiliated Holdings LLC, doing business as The Grove, Jackson Dawson Communications, CBS Studios, The San Gennaro Foundation and Tri-R Telecommunications

**Date:**  Jan. 17, 2007

**Claim:**  Premises liability, negligence and personal injury

**Injury:**  Bilateral **knee injuries** including a torn meniscus, three herniated discs in the neck and diagnoses of trigeminal neuralgia

**Defense:**  Liability not argued. Ellison had pre-existing arthritis in her **knees, so the injuries** she alleged were not all a result of the fall.

**Background:**  Sources told Mealey Publications that on Sept. 23, 2005, Susan Ellison was at the Grove in Los Angeles during the San Gennaro Festival. Ellison, who was pushing a baby stroller with her granddaughter in it, allegedly tripped as she was going through one of the entrances to festival, sources said. Sources said the baby buggy wheels got caught in a wire that was strung across the entrance. Ellison allegedly fell on her knees, sources said. Sources said that as she was getting up, a golf cart carrying a couple of workers for Caruso Affiliated Holdings LLC allegedly struck the baby buggy, causing it to flip over. Sources said Ellison fell to the ground again. She allegedly sustained bilateral **knee injuries** that included a torn meniscus resulting in a bilateral knee replacement, according to sources. Sources said she also allegedly had three herniated discs in her neck and was diagnosed as having developed trigeminal neuralgia, which caused her to suffer from pain in her left shoulder to the top of her face. Ellison sued Caruso, Jackson Dawson Communications, CBS Studios, the San Gennaro Foundation and Tri-R Telecommunications in 2006 in the Los Angeles County Superior Court.

**Plaintiff Experts:**  Gary Brazina, M.D., an orthopedic surgeon, David Weiner, an economist, and Stephen Wexler, a premises safety expert, were named to testify.

**Other:**  Sources said the parties settled the case in January 2006 after two mediations with

the mediator William Sheffield, a retired judge.Sources said Jackson picked up defense of Caruso, CBS and the San Gennaro Foundation. San Gennaro Foundation and Caruso provided the management and organization for the festival, sources said. Sources also said Ellison was involved in the real estate business in Las Vegas, where she earned a six-figure income. As a result of the incident, she allegedly could not work, sources said. Sources said Ellison had a loss earning claim for 1-1/2 years of $300,000 to $400,000. Sources also said Ellison's medical expenses were $50,000, and future expenses are $70,000 to $80,000.

**Plaintiff Attorneys:**  Scott M. Schutz, Kirtland & Packard, El Segundo, Calif.

**Defense Attorneys:**   For Caruso, Jackson, CBS and San Gennaro - Joshua D. Bordin-Wosk, Bremer, Whyte, Brown & O'Meara, Newport Beach, Calif. For Tri-R - Carol L. Gatz, Osman & Associates, Santa Ana, Calif.

Contact Mealey's at 1-800-MEALEYS and see today's headlines at www.lexis.com/legalnews. To see if there is a Mealey's conference on this topic or an online CLE session, please visit: http://www.mealeys.com/conferences.html.

**LOAD-DATE:** 4/20/2007

Source: Public Records > Public Records > Jury Verdicts & Experts >  $ **Jury Verdicts and Settlements,** **Combined** 
Terms: **knee injury** (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Thursday, April 26, 2007 - 3:03 PM EDT

LexisNexis®     About LexisNexis  |  Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

*Copyright 2006 Jury Verdicts Northwest Inc.*

Copyright 2006 Jury Verdicts Northwest Inc.
Washington Arbitration Reports

MARY LUTON V. MUTUAL OF ENUMCLAW

**Case No.** CASE NUMBER NOT AVAILABLE

Arbitration Date: August 15, 2006

**Date of Publication:** October, 2006

**TOPIC:** PEDESTRIAN ACCIDENT; **KNEE INJURY.**

**RESULT:** PLAINTIFF AWARD for $ 75,318. (The award included $ 24,000 in medicals, $ 400 in lost wages and $ 50,000 in general damages. The case settled for $ 50,000 after arbitration in lieu of trial de novo.).

**INJURY:** Right **knee injury;** torn meniscus requiring surgical repair. Plff contended the accident lit up pre-existing arthritis in her left knee. The Def. contended Plff had a history of pre-existing knee symptoms. The Def. also contended that Plff's injuries resolved and that Plff returned to pre-accident condition within one (1) year.

**SPECIALS:** Med. $ 24,000 approx. (past), $ 25,000 (future) disputed; Lost Wages $ 400.

**STATE:** Washington

**COUNTY:** King

ARBITRATOR: JoAnne Tompkins

**PLAINTIFF ATTORNEY(S):** Gary Trabolsi of Gardner Bond Trabolsi (Seattle).

**DEFENDANT ATTORNEY(S):** John Dodge (Federal Way).

**SUMMARY:** 12/22/00 - Plff, female age mid 50's. Plff contended she was struck in a parking lot while walking into a laundry mat. Plff settled with the at fault driver for $ 100,000 policy limits and brought this action for her UIM benefits.

**INSURANCE:** Mutual of Enumclaw

**DEMAND:** $ 250,000 (at arbitration).

Source: Public Records > Public Records > Jury Verdicts & Experts > $ **Jury Verdicts and Settlements, Combined** [i]
Terms: **knee injury** (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Thursday, April 26, 2007 - 3:08 PM EDT

 **LexisNexis®** About LexisNexis | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Search - 99 Results - torn meniscus
Case 1:07-cv-03356-PKC    Document 1    Filed 04/27/2007    Page 30 of 31
Page 1 of 2

Copyright 2002 Florida Legal Periodicals, Inc.
FLORIDA JURY VERDICT REPORTER (FJVR)

MARILOLA GUERRA vs. MARIA LUISA BORREGO and STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.

Docket No.: 00-24686 CA 15; FJVR Reference No. 02:10-43

Verdict Date: August 9, 2002; Publication Date: October 2002

**TOPIC:** Motor Vehicle Accident - Improper Turn

**RESULT:** $ 119,497.61 for Plaintiff. (verdict)

($ 34,497.61 - past medical expenses; $ 45,000 - past pain and suffering; $ 40,000 - future
pain and suffering).

**STATE:** Florida

**COUNTY:** Miami-Dade

**JUDGE:** Celeste Muir

**PLAINTIFF PROFILE:** Age: 55
                        Sex: Female
                        Occupation: Insurance Broker

**PLAINTIFF ATTORNEY:** Allan Cohen and Judson Cohen of Cohen Law Offices, Miami

**DEFENDANT ATTORNEY:** Luis E. Ordonez of Luis E. Ordonez & Associates, Miami

CAUSE OF INJURY: On June 13, 2000, at the intersection of S.W. 56th Street and S.W. 87th
Avenue in Miami, the tortfeasor, Defendant Borrego, made a left turn in front of Plaintiff,
causing a collision. At the time of the accident, Plaintiff had a policy of insurance for
uninsured/underinsured motorist coverage with Defendant State Farm.

NATURE OF INJURY: Two broken ribs; **torn meniscus** for which arthroscopic surgery was
performed. Defendant alleged that Plaintiff's **torn meniscus** pre-existed the accident, having
been sustained in an accident three years prior to this accident, and that it was not
aggravated by this accident. Plaintiff alleged that the **torn meniscus** was not there three
years prior.

**PLAINTIFF EXPERT WITNESSES:** Edward Lazarrin, M.D., Orthopedic Surgery, Coral Gables
Brian Murphy, M.D., Radiology, Miami

**DEFENDANT EXPERT WITNESSES:** Paul Koenigsberg, M.D., Radiology, Miami Beach
David Keyes, M.D., Orthopedic Surgery, Miami

EDITOR'S NOTE: The jury found that there was negligence on the part of Defendant Borrego
which was a legal cause of loss, injury, or damage to Plaintiff. The jury also found that
Plaintiff sustained a permanent injury within a reasonable degree of medical probability as a
result of this accident. Defendant Borrego tendered $ 25,000 policy limit and the case
proceeded to trial against State Farm. The net verdict was $ 94,497.61.

Source: Public Records > Public Records > Jury Verdicts & Experts > $ Jury Verdicts and Settlements, **Combined** 
Terms: **torn meniscus** (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Thursday, April 26, 2007 - 3:29 PM EDT

**LexisNexis®**    About LexisNexis  | Terms & Conditions
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.