LAW OFFICES
OF
**ROBIN, HARRIS, KING, FODERA & RICHMAN***
ONE BATTERY PARK PLAZA 30TH FLOOR
NEW YORK, NEW YORK 10004-1437
TELEPHONE (212) 487-9701
FAX: (212) 425-0472

HOWARD S. ROBIN
JEFFREY J. HARRIS
THOMAS J. KING
RICHARD J. FODERA
JEFFREY L. RICHMAN
---
LOUIS J. SCHEPP
STEVEN G. KOKULAK
DOREEN J. CORREIA
DIANE L. DeVITA
BRIAN S. LIPERIEDGE
MICHAEL P. BECKLEY
DOROTHEA M. PLUNKETT
DAWN K. GILBERT
VINCENT A. BRESCIA
GREGORY D.V. HOLMES

DANIELLE M. PETERSON
KAREN W. McFARLANE
PHILIP J. DOBBINSKIS
CHARLES V. HYDE
WILLIAM J. CARIELLO, III
KEVIN J. McGINKIN
ANGELO J. MIGELY
JERRY J. HESS

SUBROGATION COUNSEL
MARK S. LABE

LEGAL OFFICE MANAGER
MAUREEN HANS

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/14/07

**MEMO ENDORSED**

June 14, 2007

Via Fax (212) 805-7949
Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Gary Beckman v. Siemens Building Technologies, Inc.
Docket No.: 07 CV 03356 (PKC) (FM)
Our File No. 218PR-49578

Honorable Judge Castel:

I represent the defendant in the above case. I write this letter after speaking with plaintiff's counsel, Cyril Baines. This case is scheduled for a 12:00 initial scheduling conference before you tomorrow, June 15, 2007.

This is a labor law personal injury action. Plaintiff had previously commenced an action in Supreme Bronx, Beckman v. Morningside Heights, 15170/2005, for the same injuries. It is my understanding that Morningside Heights is the owner of the property. In that action, depositions are complete and physicals have been held. Plaintiff recently brought this action in Supreme Bronx against the purported general contractor, my client, intending to then consolidate it with the pending action. The case was removed by the attorney hired to represent Siemens by their insurance carrier. Very recently, my carrier has agreed to take over the defense of Siemens pursuant to our contract. We wish now to consolidate this action with the one in Supreme Bronx as that action was brought first, they cannot be brought into the Federal Court action and discovery is well into it's final phases.

I have spoken to plaintiff's counsel about this, and he agrees to continue the action against my client consolidated with his pre-existing action pending in the Bronx Supreme Courthouse. I told him that Siemens agrees to amend the caption to be made a direct defendant in that action. We now turn to you to direct us as to what procedurally must be done in this Courthouse. Please inform us if you still feel there is a need for the initial conference tomorrow, even though this case ultimately will not stay in this Courthouse. Presumably some order would be necessary from this Court either transferring the action or dismissing it without prejudice to renew the action against my client in the Bronx.

*A Legal Department of the Liberty Mutual Insurance Group

[Handwritten memo endorsement:] The parties are free to stipulate to the dismissal without prejudice of the pending action in this Court. Alternatively, the parties may stipulate to a remand to the Court from which this action was removed. On contemplation of the foregoing one of the stipulations to be entered as an order by this Court, I will adjourn the initial conference from June 15 to June 22 at 10:15 a.m. SO ORDERED.

/s/ [signature]
USDJ
6-14-07

Thank you for your attention to this matter.

Very truly yours,

Doreen Correia

Cc: <u>Via Fax</u>

Cyril Baines, Esq.
Perecman & Fanning, P.L.L.C
250 West 57th Street, Suite 401
New York, New Yor, 10107
Fax: (212) 977-7035